# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KURTIS D. JONES,

           Plaintiff,

v.

JORDAN J. KIJEK, JUSTIN L. THOMSEN, DAVID S. CROSS, and MICHAEL S. LUENEBERG,

           Defendants.

Case No. 23-CV-651-JPS

**ORDER**

      Plaintiff Kurtis D. Jones, an inmate confined at Waupun Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. ECF No. 1. On August 8, 2023, the Court screened Plaintiff's complaint and allowed him to proceed against Defendants. ECF No. 11. On August 21, 2023, Plaintiff filed a motion to amend/correct the complaint. ECF No. 13. This Order grants Plaintiff's motion to amend/correct the complaint and accordingly screens the proposed amended complaint, ECF No. 13-1, as the operative complaint going forward.

### 1.    MOTION TO AMEND/CORRECT

      The Court will grant Plaintiff's motion to amend/correct the complaint. Federal Rule of Civil Procedure 15 allows amendment once as a matter of course in certain circumstances; Rule 15 also provides that a Court should freely grant leave to amend when justice so requires. Civil Local Rule 15 requires that a motion to amend a complaint notify the court of the proposed changes and the proposed amended complaint be filed as an attachment to the motion. Civil Local Rule 15 further requires that a motion

must reproduce the entire pleading as amended and may not incorporate any prior pleading by reference.

The Court previously allowed Plaintiff to proceed on an Eighth Amendment deliberate-indifference claim against Defendants Lueneberg, Cross, Thomsen, and Kijek for their indifference to the risk of Plaintiff's self-harm. ECF No. 11. Plaintiff seeks to amend his complaint in order to add additional defendants, Joshua T. Langridge, ("Langridge"), Nathaniel L. Silva ("Silva"), and Tempski. ECF No. 13. The Court will grant Plaintiff's motion to amend as amendment should be freely granted when justice so requires. The case is in its early stages and Defendants will not be prejudiced by this amendment. The Court will instruct the Clerk of Court to file the proposed amended complaint, ECF No. 13-1, as the amended complaint and that will be the operative complaint going forward. The Court now screens Plaintiff's amended complaint as it supersedes the previous complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998).

2. **SCREENING THE AMENDED COMPLAINT**

   2.1 **Federal Screening Standard**

   Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

   In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017)

(citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

On February 27, 2023, at approximately 12:31 a.m., Plaintiff showed Defendant C.O. Lueneberg ("Lueneberg") a razor while on observation status. ECF No. 13-1 at 2. Plaintiff told him, "I need to see the nurse or I'm gonna slice and get one myself." *Id.* The officer walked away without informing anyone about Plaintiff's threat. *Id.* At approximately 1:34 a.m., Plaintiff sliced his antecubital artery with the razor. *Id.* at 3.

At approximately 1:45 a.m., Defendant C.O. Cross ("Cross") looked in on Plaintiff, saw him slicing himself with a razor, and saw blood on Plaintiff's hands, arm, bed, and floor. *Id.* Cross walked away and proceeded

Page 3 of 9
Case 2:23-cv-00651-JPS    Filed 11/27/23    Page 3 of 9    Document 18

with his rounds. *Id.* At approximately 1:50 a.m., Defendant Justin L. Thomsen ("Thomsen") observed Plaintiff cutting himself. *Id.* Plaintiff then swallowed the razor and informed Thompson that he would regurgitate the razor and continue to cut when Thomsen walked away. *Id.* Thomsen walked away without notifying anyone. *Id.*

At approximately 6:00 a.m., Plaintiff showed a razor to Silva and told him that Plaintiff needed a nurse or that he would continue to cut himself. *Id.* at 4. Silva replied, "OK," after observing the dried blood on Plaintiff's hands and arm. At approximately 7:00 a.m., Plaintiff showed Obs Officer C.O. Tempski a razor and notified her that he would continue to self harm if he did not see a nurse. *Id.* Tempski was heard telling Defendant Jordan J. Kijek ("Kijek"), the acting sergeant of the RHU. *Id.* Kijek replied, "Well that's what he is on obs for." *Id.* Plaintiff proceeded to slice his antecubital arteries and his neck until Kijek, Thomsen, Tempski, Langridge, and Silva were all outside Plaintiff's door telling him to stop cutting himself. *Id.* Plaintiff swallowed the razor and told Kijek that he would regurgitate the razor and continue to cut himself if Kijek walked away. *Id.* Kijek replied, "Good to know," and turned to the other officers to say, "We're going to pretend that we didn't see anything." *Id.* Kijek instructed the other officers to go about their regular duties. *Id.* Plaintiff continued to cut himself until approximately 9:00 a.m. and he lost significant amounts of blood until Captain Staneik came to Plaintiff's door to pull him out. *Id.* at 5.

Plaintiff complained of dizziness, passing out, and fatigue. *Id.* HUS later determined that Plaintiff's hemoglobin level was at a critical 6.2, and Plaintiff was in need of a blood transfusion as a result of his significant blood loss. *Id.*

### 2.3 Analysis

Plaintiff may proceed on an Eighth Amendment deliberate-indifference claim against Defendants Kijek, Thomsen, Lueneberg, Cross, Tempski, Langridge, and Silva for their indifference to the risk of Plaintiff's self-harm. The Eighth Amendment prohibits "cruel and unusual punishments" and "imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that inmates receive adequate care." *Phillips v. Diedrick*, No. 18-C-56, 2019 WL 318403, at *2 (E.D. Wis. Jan. 24, 2019) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). While a prison official's deliberate indifference to a prisoner's substantial risk of serious harm violates the Eighth Amendment, not every claim by a prisoner that he did not receive adequate care will succeed. *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). To prevail on such a claim, a plaintiff will have to provide evidence showing that "(1) his medical need was objectively serious, and (2) the defendant[] consciously disregarded this need." *Berry v. Lutsey*, 780 F. App'x 365, 368–69 (7th Cir. 2019) (citing *Farmer*, 511 U.S. at 834).

Prison staff have a duty to prevent inmates from causing serious harm to themselves. *Pittman ex rel. Hamilton v. County of Madison*, 746 F.3d 766, 775–76 (7th Cir. 2014). Before an official will be liable for ignoring a risk of self-harm, however, the "risk of future harm must be sure or very likely to give rise to sufficiently imminent dangers." *Davis-Clair v. Turck*, 714 F. App'x 605, 606 (7th Cir. 2018) (internal quotation marks omitted). The question of when that risk of future harm becomes "sure or very likely to give rise to sufficiently imminent dangers" depends on the circumstances of the case. *See, e.g., Freeman v. Berge*, 441 F.3d 543, 546–47 (7th Cir. 2006) (explaining that "at some point," to ensure a prisoner is not "seriously endangering his health," prison officials would have a duty and right to

step in and force a prisoner on a hunger strike to take nourishment); *see also Davis v. Gee*, No. 14-cv-617, 2017 WL 2880869, at *3–4 (W.D. Wis. July 6, 2017) (holding that to show a constitutional injury, the harm must present an objectively, sufficiently serious risk of serious damage to future health; swallowing a handful of Tylenol fails to do that).

Here, Plaintiff alleges that these defendants was aware that he planned to hurt himself and failed to appropriately act. Plaintiff further alleges that after informing these defendants, Plaintiff engaged in self-harm and was seriously injured. At this early stage, without more detailed information, the Court will allow Plaintiff to proceed on a deliberate indifference claim against Defendants Kijek, Thomsen, Lueneberg, Cross, Tempski, Langridge, and Silva

### 3. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment deliberate-indifference claim against Defendants Kijek, Thomsen, Lueneberg, Cross, Tempski, Langridge, and Silva for their indifference to the serious risk of Plaintiff's self-harm.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to amend/correct the complaint, ECF No. 13, be and the same is hereby **GRANTED**; the Clerk of Court is instructed to file the proposed amended complaint, ECF No. 13-1, as the operative amended complaint;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the amended complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on **Defendants Kijek, Thomsen, Lueneberg, Cross, Tempski, Langridge, and Silva.**

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D.

Page 7 of 9
Case 2:23-cv-00651-JPS   Filed 11/27/23   Page 7 of 9   Document 18

Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

Dated at Milwaukee, Wisconsin, this 27th day of November, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.